9002

CONNOLLY v. BEASON, MAYOR, *ET AL.*

(84 S. E. 297.)

MUNICIPAL BONDS. WATERWORKS AND SEWERAGE. VARIANCE BETWEEN PETITION AND ORDER FOR ELECTION.

1. Where a petition by freeholders under Civil Code 1912, section 3015, prayed for an election on the question of the issuance of bonds for the construction alone of waterworks and sewerage systems, and the town council ordered an election on the question of issuing such bonds for the construction and maintenance of such systems, and it appeared, after a vote in favor of such issuance, that the cost of construction would probably consume the entire proceeds of the bond issue, the variance between the petition and submission did not affect the validity of the bonds as a debt of the corporation, and the moneys obtained upon the bonds may be used for the purpose of constructing such system.

2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—BONDS—ORDER FOR ELECTION—VALIDITY.—Where freeholders petitioned a town council for an election on the issuance of bonds for the "construction" of waterworks and sewerage systems, the order for an election on the issuance of bonds for the "construction and maintenance" of such systems was not such a variance between the petition and the submission as affected the validity of the bonds, but went only to the application of the proceeds of the bonds, and the freeholders could not complain, unless the council should apply the proceeds to a different purpose, and the voters could not complain, since they authorized the application of the proceeds to both purposes, and necessarily vested in the council discretion to use the whole for the purpose of construction, if it saw fit to do so.

Before MOORE, J., Spartanburg, November, 1914. Affirmed.

This was an action brought by plaintiff, M. A. Connolly, as a citizen, freeholder and taxpayer of the town of Woodruff, against the defendants, E. A. Beason and others, who constitute the town council of said town, to enjoin the issue of $37,000.00 of coupon bonds of said town for the purpose of establishing and maintaining a waterworks plant for the use and benefit of the citizens of said town, and to enjoin the issue of $23,000.00 of coupon bonds of said town for the purpose of establishing and maintaining

a sewerage system for the use and benefit of its citizens. The facts are stated in the opinion.

From a judgment dismissing the complaint, plaintiff appealed on the following exceptions:

1. His Honor erred in holding that the elections having been fairly held on the propositions of issuing bonds for the "establishment and maintenance" of a waterworks plant, and for the "establishment and maintenance" of a sewerage system, the fairly expressed will of the voters should not be defeated by the omission of the word "maintenance" from the petitions of the freeholders; whereas, he should have held that the petitions having prayed for the calling of an election on only the propositions of issuing bonds for the "construction" of a waterworks plant and for the "construction" of a sewerage system, the council was without authority to order an election on any other propositions, and the election of July 7th was, therefore, unauthorized and void, the petitions therefor not having been filed with the council before the ordering of the same, as required by section 3015, Code 1912.

2. His Honor erred in holding, in effect, that the election of July 7th was held on practically the same propositions named in the petitions, and should not be nullified by a too technical construction of the statute; whereas, he should have held that the propositions voted on at the election of July 7th were different from those named in the petitions of the freeholders, and that statutes conferring powers on municipalities being strictly construed, said election was, therefore, unauthorized and void.

*Messrs. Johnson, Nash, Lyles & Daniel,* for appellant, submit: Civil Code, sec. 3015, *should be strictly construed:* 88 S. C. 249; 99 S. C. 1; 128 N. W. 8.

*Mr. C. M. Drummond,* for respondent, cites: Constitution of 1895, art. II, sec. 13; art. VIII, secs. 5, 7; 93 S. C. 448; 85 S. C. 309; XXV Stats. 563; 99 S. C. 1.

. February 19, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The freeholders of Woodruff petitioned the town council to order an election on the question of issuing bonds for the "construction" of waterworks and sewerage systems. Council ordered an election on the question of issuing bonds for the "construction and maintenance" thereof.

Plaintiff seeks to enjoin the issuance of the bonds on the ground that council exceeded its authority in ordering the election on the question of issuing bonds for the "construction and maintenance" of these systems instead of for the "construction" alone thereof, as it had been petitioned to do by the freeholders.

The contention of the plaintiff is that while the freeholders were willing to increase the bonded debt of the town to the extent necessary to "construct" these public utilities, they might not have been willing to add thereto a sufficient amount to maintain them.

The objection is more apparent than real, because the cost of construction will probably consume the entire proceeds of the bond issue. At any rate, the variance between the petition and the submission does not affect the validity of the bonds as a debt of the corporation. It goes only to the application of the proceeds of the sale of the bonds. The freeholders asked to have bonds issued for the purpose of construction, and they cannot complain, unless council should attempt to apply the proceeds, or some part thereof, to a different purpose. The voters cannot complain, because they authorized the application of the proceeds to both purposes, without specifying how much shall be used for each, and, therefore, necessarily vesting in council discretion to use the whole for the purpose of construction, if it sees fit to do so; and that was really what all parties intended should be done.

Judgment affirmed.